NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2017
Decided December 14, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1905

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:15CR00080-002 |
| AGUSTIN OSUNA-TOQUILLAS, *Defendant-Appellant.* | Jane E. Magnus-Stinson, *Chief Judge.* |

## O R D E R

Agustin Osuna-Toquillas's drug-dealing operation came to an abrupt end when police found him with over 7,000 grams of drugs (cocaine and heroin) and almost two million dollars in cash. He pleaded guilty to one count of conspiracy to possess one or more kilograms of heroin and five or more kilograms of cocaine with intent to distribute. 21 U.S.C. §§ 841(a)(1), 846. In a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and Osuna-Toquillas agreed to a sentence at the low end of the guidelines range (188 to 235 months in prison). The district judge accepted the agreement and sentenced Osuna-Toquillas to 188 months in prison and 5 years of supervised release.

Although his plea agreement includes a broad appeal waiver, Osuna-Toquillas filed a notice of appeal. His appointed attorney moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Osuna-Toquillas has not responded to counsel's motion. *See* 7TH CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve (although, surprisingly, counsel did not discuss the appellate waiver until the final pages of his brief). Because the analysis in the brief appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel reports that he consulted with his client and confirmed that Osuna-Toquillas does not want to withdraw his guilty plea; therefore, counsel rightly refrains from exploring arguments about whether the plea was knowing and voluntary. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel does not posit any possible constitutional violation that could vitiate Osuna-Toquillas's waiver of the right to appeal his conviction and sentence "on any ground." *See United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014) (noting exceptions to appeal waivers). Counsel nevertheless considers whether his client could argue that his sentence was unreasonable, but he concludes that doing so would be frivolous. That is true. And because *any* challenge to the conviction or sentence is frivolous in light of the airtight appellate waiver, we need not explore more specific contentions in detail.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.